**FILED**
VANESSA L. ARMSTRONG, CLERK

NOV 17 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                     PLAINTIFF

v.                                          CRIMINAL NO. 3:14-CR-3-R

BRIAN S. REED                                               DEFENDANT

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by John E. Kuhn Jr., United States Attorney for the Western District of

Kentucky, and defendant, BRIAN S. REED, and his attorney, Hon. Frank Mascagni, have agreed

upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with

    violations of Title 21, United States Code, Sections 841 and 846.

2. Defendant has read the charges against him contained in the Indictment, and the charges

    have been fully explained to him by his attorney.  Defendant fully understands the nature

    and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the Indictment.  Defendant will plead

    guilty because he is in fact guilty of the charges.  The parties agree to the following factual

    basis for this plea:

    **On or about and between April 2013 and January 2014, this defendant, BRIAN S.
    REED, knowingly and intentionally conspired with co-defendants and others to
    possess with the intent to distribute 1 kilogram or more of a mixture or substance
    containing heroin in Louisville, KY, in the Western District of Kentucky.**

1

4. Defendant understands that the charge to which he will plead guilty carries minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a maximum fine of $10,000,000, and supervised release of at least five years and up to any number of years, including life, which the court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      **The right to a public and speedy jury trial**. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      **The right to confront and cross examine witnesses called by the United States at trial**. At a trial, whether by a jury or a judge, the United States would be

2

required to present its witnesses and other evidence against defendant. Defendant

would be able to confront those government witnesses and his attorney would be

able to cross-examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the

Court.

C.     **The right against self incrimination**. At a trial, defendant would have a

privilege against self-incrimination and he could decline to testify, without any

inference of guilt being drawn from his refusal to testify. If defendant desired to

do so, he could testify in his own behalf.

7.  Defendant understands that the United States Attorney's Office has an obligation to

fully apprise the District Court and the United States Probation Office of all facts

pertinent to the sentencing process, and to respond to all legal or factual inquiries

that might arise either before, during, or after sentencing. Defendant admits all

acts and essential elements of the indictment counts to which he pleads guilty.

8.  The defendant further understands that he may be responsible for a fine, costs of

prosecution, costs of incarceration and supervision which may be required.

9.  Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. §

3013 and will pay the assessment in the amount $100 per count for felony offenses

involving individuals to the United States District Court Clerk's Office by the date of

sentencing.

10. At the time of sentencing, the United States will:

a. -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law;

b. -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), so long as the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;

c. -recommend not less than the minimum statutory term of supervised release; and

d. -agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

a. The Applicable Offense Level will be determined at sentencing.

b. The Criminal History of defendant shall be determined upon completion of the pre-sentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

c. The foregoing statements of applicability ofsections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his **RIGHT TO APPEAL** his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly

4

and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

14. Defendant, pursuant to the Notice of Forfeiture, agrees to the forfeiture of any interest he or his nominees may have in the assets, to include cash, which were seized which he owns or over which he exercises control.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records

5

pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the **Freedom of Information Act**, 5 U.S.C. § 552, or the **Privacy Act** of 1974, 5 U.S.C. § 552a.

17. Defendant agrees not to objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement.

20. This document and the Supplemental Plea Agreement state the complete and only terms of

agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

John E. Kuhn Jr.
United States Attorney

By:

J. Scott Davis                           Date   1‑17‑15
Assistant U.S. Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

X
BRIAN S. REED                            Date   11‑17‑2015
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

Frank Mascagni III                       Date   11‑17‑2015
Frank Mascagni
Counsel for Defendant


7